The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion on the following question:
May the local public schools provide bus transportation for the Math-Science School students; if so, under what conditions?
This question is not addressed in the various Code sections regarding transportation of students generally, or in the specific legislation establishing the Arkansas School for Mathematics and Sciences ("math-science school").[1] With regard to transportation generally, A.C.A. § 6-19-102 (1987) states that the board of directors of each district may purchase vehicles ". . . and otherwise provide means for transporting pupils to and from school, when necessary." A.C.A. § 6-19-102(a). Subsection (d) of this provision states that a bus or other vehicle in one district cannot be used to transport pupils in another district without the consent of the county board of education.
While offering little guidance on your specific question, Section6-19-102 does suggest that a district's transportation of non-district students would not be impermissible per se.[2]
And evidence of legislative intent to authorize the math-science school's use of other public property may be found in A.C.A. § 6-42-204(b) (Cum. Supp. 1991), wherein it states that the State Department of Education is authorized to receive "property, equipment, materials, or personnel from persons, foundations, trust funds, corporations, organizations, and other services, private or public, to be expended and utilized for the operation of the school." (Emphasis added.)
This provision, coupled with the board of director's care and custody of district property and its authority to "[d]o all other things necessary and lawful for the conduct of efficient free public schools in the district" (A.C.A. § 6-13-620 (1) and (12) (Cum. Supp. 1991)), may offer authority for a district's decision to provide such transportation. It has been stated that the courts will not interfere in matters of school governance unless the directors unreasonably and arbitrarily exercise their discretionary authority, and that every presumption is in favor of the proper exercise of power when its object is "reasonably germane to the purpose of the grant." Safferstone v. Tucker,235 Ark. 70, 73, 357 S.W.2d 3 (1962) (citations omitted).
I would suggest, however, in the absence of clear authority for this use of a school district's bus, that the consent of the county board of education be obtained. It should also be noted that while the State Board of Education has not, to my knowledge, established any regulations in this regard, it has the authority to ". . . set up such regulations and standards governing the school transportation program in the various school districts of Arkansas as will promote and provide a safe, efficient, and economical system of pupil transportation." A.C.A. § 6-19-101
(1987). The possibility that regulations have been developed to address this matter should therefore be considered prior to providing any such transportation.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] You have not provided any details concerning the transportation to be provided; and because the math-science school is a residential school (see A.C.A. § 6-42-201(a) (Cum. Supp. 1991)), I am somewhat uncertain as to the circumstances under which a need for transportation would arise. It should be noted, additionally, that the math-science school act establishes and authorizes the position of "van driver" at a maximum salary of $13,000. A.C.A. § 6-42-203(c)(1) (Cum. Supp. 1991). I will, however, proceed to address your general question on the assumption that a determination is properly made that some other source of transportation is necessary. Your question concerning the conditions under which such transportation may be provided would, however, require consideration of the particular circumstances prompting the need for transportation.
[2] It should be recognized, however, that the use of public school buses for the transportation of private school students would be challengeable under Article 14, Section 2 of the Arkansas Constitution. See Op. Att'y Gen. 90-311.